IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOIESHAE BURROUGHS, | Civil Action No. |
| Plaintiff, | |
| v. | |
| JOHNSON SERVICE GROUP, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

COMES NOW, Plaintiff Moieshae Burroughs ("Plaintiff" or "Ms. Burroughs"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Johnson Service Group, Inc. ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages or other appropriate relief for gender discrimination, equal pay violations, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII") and the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 216(b); 29 U.S.C. § 626(c)(1) and 42 U.S.C. § 2000e- 5(f)(3).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), Defendant's registered agent for service of process is in this District and Division.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is an Illinois corporation licensed to conduct business in this State and which commonly transacts business within this state.  Defendant may be served by service on its registered agent for service of process, CT CORPORATION SYSTEM, 289 S Culver St, Lawrenceville, GA, 30046-4805.

6.

Plaintiff began her employment with Defendant in February 2018 and is still employed.

7.

Defendant is now and, at all times relevant hereto, has been a company engaged in an industry affecting commerce. During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

Defendant is now and, at all times relevant hereto, a large company engaged in an industry affecting commerce. During each week of twenty (20) or more weeks of one or more years, in which the conduct complained of herein occurred, as well as the preceding year, Defendant employed five hundred (500) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b) and 42 U.S.C. Section 1981a(b)(3)(D).

9.

Defendant is also governed by and subject to the EPA, 29 U.S.C. § 206(d) and § 215(a)(3).

## ADMINISTRATIVE PROCEDURES

10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about July 5, 2021.

11.

Plaintiff requested the right to sue on her charges from the EEOC, which the EEOC subsequently issued on March 9, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12.

This action is being commenced within 90 days of the receipt of the Notice of Right to Sue.

13.

All conditions precedent have been performed, satisfied, or waived.

## **FACTUAL ALLEGATIONS**

14.

Defendants are now, and at all times relevant hereto, have been employers subject to Title VII and the EPA.

15.

Plaintiff began working for Defendant on or about February 19, 2018, as an Onsite Coordinator in Savannah, GA.

16.

On or about June 2018, Plaintiff was promoted to account representative.

17.

On or about December 2019, Plaintiff met with the Atlanta executive team, which included Darryl Dixon, Senior Vice President General Manager of the Southeast region; Michelle McMahon, Vice President of Operations; and Rob Boyle, Vice President of National Accounts.

18.

During this meeting, Plaintiff asked for additional responsibilities, including management of the Administrative Team, which would include a salary increase.

19.

The executive team also discussed plans to change the roles and compensation for four other employees.

20.

By January 2020, three (3) male employees were given title changes and salary increases; and, although Plaintiff began to manage the administrative team, no title or salary changes were implemented.

21.

However, regional director, Tim Hurst, suggested Plaintiff change her title from "Account Representative" to "National Account Manager," only to learn years later, he only suggested the title change for appearances.

22.

During this time, Plaintiff consistently asked members of the executive team about an official title change and additional compensation, but the team responded with excuses.

23.

For example, on January 22, 2021, Plaintiff emailed the Executive Team about defining her role more succinctly and providing fair compensation for the

work she was performing. The team responded by asking Plaintiff for a list of her responsibilities, which she produced a week later.

24.

Not even a month later, McMahon and Boyle told Plaintiff there was a freeze on salary increases and a fifty percent reduction in revenue.

25.

As a result, Plaintiff's account representative duties declined exponentially; however, McMahon continued to assign administrative management tasks to Plaintiff, but without fair compensation or a title change.

26.

McMahon and Boyle responded to Plaintiff's email with a visit to Savannah, GA in December 2020. During their visit, McMahon announced she would resume all of Plaintiff's management duties due to negative feedback collected from Plaintiff's team members during McMahon's skip level review.

27.

No written or verbal appraisals were provided. Plaintiff asked McMahon for examples of how she negatively affected relationships within the Savannah branch, but McMahon did not respond.

28.

Prior to McMahon's announcement, Plaintiff received positive feedback from the executive team and her peers. Plaintiff's performance or leadership was never called into question, and she never received warnings or coaching to suggest Defendant had concerns about her aptitude to succeed in a management role.

29.

Male employees, working in the same establishment as Plaintiff and performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, received higher compensation and received pay raises and formal performance reviews.

30.

On March 25, 2021, Plaintiff and McMahon met again to discuss the scope of Plaintiff's role and McMahon decided, Plaintiff would continue in her account representative role making sixty thousand ($60,000) dollars a year.

31.

After the March 25 meeting, Plaintiff filed a grievance related to pay disparities and retaliation with Susan Sproule, the Human Resources Director.

32.

During the investigation, Plaintiff continued to manage the administrative team.

33.

However, McMahon and Boyles began to offer significantly less support than they did prior to Plaintiff filing her grievance. For example, McMahon and Boyles went from having daily communication with Plaintiff to having little to no direct contact from in or about March 2021 through the filing of this lawsuit.

34.

Plaintiff was also excluded from meetings related to areas she managed.

35.

Defendant has also slowly taken away job responsibilities, previously given to Plaintiff.

36.

Plaintiff suspected the ongoing investigation was biased, so on April 19, 2021, Plaintiff contacted Defendant's owner, Dale Slater; the Executive Vice President, Ken Slater; and Chief Operating Officer, Greg Thullner. After the April 19th discussion, the investigation was outsourced to Defendant's corporate counsel.

37.

Defendant's corporate counsel announced on June 22, 2021, no evidence was found to substantiate Plaintiff's allegations.

38.

On information and belief, Defendant's investigation, including that by corporate counsel, was a sham intended to conceal and cover up the pay and other disparities alleged herein.

39.

During the course of her employment, Plaintiff acquired additional managerial responsibilities, but was never paid or given a title to align with her job duties.

40.

Each time, Plaintiff requested a title change and salary increase, she was either given an excuse (as a stall tactic) or told her performance was unsatisfactory without giving her performance reviews or benchmarks to work toward.

41.

Alternatively, Plaintiff's male counterparts, were given performance reviews and/or provided salary increases during the same time period Plaintiff was requesting the same.

42.

Although Defendant purports to provide a legitimate non-discriminatory reason for the pay disparities and failure to provide performance reviews and salary increases, the reasons were pretextual.

## CLAIMS FOR RELIEF

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

43.

Plaintiff re-alleges paragraphs 1-42 as if set forth fully herein.

44.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment as set forth above constitutes unlawful discrimination on the basis of sex in violation of Title VII.

45.

Plaintiff was and is qualified for her role as an account representative; Defendant increased her workload as a result.

46.

Defendant provided performance reviews and salary increases for male account representatives but not for Plaintiff.

47.

Defendant did not pay Plaintiff equally to her male counterparts, without any legal defense and because of sex.

48.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

50.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

51.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## <u>COUNT II: RETALIATION IN VIOLATION OF</u>
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

### 52.

Plaintiff re-alleges paragraphs 1-42 as if set forth fully herein.

### 53.

Plaintiff's complaints about discrimination constitute conduct protected under Title VII.

### 54.

Defendant's actions in adversely affecting the terms and conditions of Plaintiff's employment in a manner that would persuade a reasonable person from making or pursuing a complaint of discrimination, because of her complaints of discrimination, constitutes unlawful retaliation in violation of Title VII.

### 55.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

### 56.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

57.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

58.

Defendant is therefore liable for damages caused proximately resulting from its retaliation against Plaintiff.

## **COUNT III: VIOLATION OF THE EQUAL PAY ACT**

59.

Plaintiff re-alleges paragraphs 1-42 as if set forth fully herein.

60.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing the same work.

61.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

62.

Plaintiff is entitled to backpay and liquidated damages in an amount equal to her backpay, attorneys' fees and costs of litigation as a result of the Defendant's violation.

## COUNT IV: RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

63.

Plaintiff re-alleges paragraphs 1-42 as if set forth fully herein.

64.

Defendant's actions, as detailed above, in engaging in the retaliatory actions against Plaintiff because of her protected activity (complaining to HR about unequal pay) constitutes unlawful intentional retaliation in violation of the Equal Pay Act.

65.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

66.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)       General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted the 6th day of June, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Moieshae Burroughs*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com